UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JERRY PHILOGENE, | ) |
| Plaintiff | ) ) ) ) |
| v. | )    2:24-cv-00311-NT |
| MAINE CORRECTIONAL CENTER et al., | ) ) ) ) |
| Defendants | ) ) |

**RECCOMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks to recover damages allegedly resulting from injuries received while incarcerated at the Maine Correctional Center. (Complaint, ECF No. 1.) Plaintiff filed an application to proceed without the prepayment of fees, which application the Court granted. (Motion, ECF No. 6; Order, ECF No. 7.) In accordance with the statute that governs matters proceeding without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following the review, I recommend the Court dismiss the complaint, unless Plaintiff amends the complaint to allege an actionable claim against a proper defendant or defendants.

## STANDARD OF REVIEW

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Plaintiff alleges he was supposed to be restricted to a bottom bunk due to a shoulder injury. (Notice of Claim, ECF No. 1-1.) According to Plaintiff, despite this restriction, prison officials placed him in a top bunk. (*Id.*) Plaintiff asserts that he complained about his bunk assignment to prison officers. (*Id.*) In February 2024, when lowering himself down from the top bunk to transfer to a unit with an available bottom bunk, Plaintiff's shoulder "popped out" due to a preexisting injury. (*Id.*) Plaintiff alleges that he then fell from the top bunk and struck his head on his cellmate's tote box. (*Id.*) Plaintiff asserts that due to this fall, he sustained a tendon bicep rupture to his right shoulder and a herniated disc. (*Id.*) Plaintiff alleges a cervical fusion was required to treat the ruptured disc.

## DISCUSSION

A.     **Eighth Amendment Claims**

Plaintiff seeks recovery under the Civil Rights Act, 42 U.S.C. § 1983, which authorizes a claim for constitutional harm caused by state actors. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

1.     **Maine Correctional Center**

Plaintiff's claim may be construed as a conditions of confinement claim under the Eighth Amendment. To pursue such a claim, a plaintiff must show (1) that "he is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) that "the responsible prison official had 'a sufficiently culpable state of mind' amounting to 'deliberate indifference' to an inmate's health or safety of a degree indicative of an intent to wantonly inflict pain." *Connolly v. County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (quoting *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991)).

To the extent Plaintiff has alleged facts that could support a conditions of confinement claim, Plaintiff cannot pursue the action against Maine Correctional Center.

4

Subject to limited exceptions not applicable in this case, the State of Maine and its agencies have immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").[1]

### 2. Wellpath

The basis of Plaintiff's claim against Wellpath is not clear. Plaintiff asks that the Court hold Wellpath "accountable" and asserts his injuries "were the result of the negligence of the corrections officers in the Echo pod at [Maine Corrections Center] and the medical unit." (Complaint at 3, ECF No. 1; Notice of Claim.) Plaintiff might be

---

[1] Because Plaintiff has not alleged a claim against an individual, I have not assessed whether Plaintiff's allegations would support a claim against an individual or individuals. As noted below, before the Court dismisses Plaintiff's complaint, Plaintiff should be afforded the opportunity to amend his complaint to assert his claim(s) against one or more individuals employed by the Maine Correctional Center.

seeking to assert an Eighth Amendment claim against Wellpath under § 1983 due to denied or inadequate medical care.[2]

The federal pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, to allege an actionable constitutional claim, Plaintiff must allege more than negligent care and treatment. "A party alleging an Eighth Amendment violation due to denied or inadequate medical care must 'satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need.'" *Brison v. Wellpath, LLC*, 662 F. Supp. 3d 67, 72 (D. Mass. 2023). Plaintiff has not alleged the reasons he believes the treatment he received was substandard, what, if any, negative outcomes occurred due to the treatment, or any other facts that would support a deliberate indifference claim.

**B.    Maine Tort Claims Act**

Plaintiff appears to attempt to allege a claim under the Maine Tort Claims Act against Defendants. ("Notice of claim pursuant to 14 M.R.S.A. 8101 ET SEQ," ECF No. 1-1.). Because Plaintiff has not alleged an actionable federal claim, to the extent Plaintiff has alleged a state law claim, the Court should not exercise supplemental jurisdiction over the claim given the early stage of the proceedings. *See Rodriguez v. Doral Mortg. Corp*.,

---

[2] "[C]ourts have held that private entities contracting with a state or local government to provide services are likely government actors." *Brison v. Wellpath, LLC*, 662 F. Supp. 3d 67, 72 (D. Mass. Mar. 14, 2023). Therefore, although Wellpath is a corporation because it provides services to Maine Correctional Center, it could be a viable defendant under § 1983. *Id.*

6

57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, unless within fourteen days of the date of this Recommended Decision, Plaintiff amends his complaint to allege an actionable claim against a proper defendant or defendants, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of November, 2024.